IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,                                       ORDER

     v.                                          06-CR-229-wmc-02

JESSE L. HERRMANN,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Jesse L. Herrmann's supervised release was held on December 13, 2011, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Robert A. Anderson. Defendant was present in person and by counsel, Gregory N. Dutch. Also present was U.S. Probation Officer Michael D. Harper.

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on July 11, 2007, following his conviction for conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine, a Schedule II substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. This was a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 70 months, with a 60-month term of supervised release to follow.

On May 6, 2011, defendant began his term of supervised release.

On June 25, 2011, defendant violated the statutory condition prohibiting him from committing another federal, state, or local crime, and Special Condition No. 3 prohibiting him from consuming alcohol. Specifically, he operated a motor vehicle with a blood alcohol concentration of .215, struck a stationary vehicle, and killed one occupant while seriously injuring four others. On November 28, 2011, the defendant was sentenced in state court to 31 years imprisonment, plus 40 years on extended supervision and 15 years on probation for this same conduct.

Defendant's conduct falls into the category of a Grade A violation. Section §7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervision upon a finding of a Grade A violation.

## CONCLUSIONS

Defendant's violation warrants revocation. Accordingly, the 60-month term of supervised release imposed on defendant on July 11, 2007, will be revoked.

Defendant's criminal history category is III. With a Grade A violation and a criminal history category of III, defendant has an advisory guideline term of imprisonment of 18 to 24 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), based on the instant offense which is a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence above the guideline range. The intent of this sentence is to protect the public from defendant's criminal behavior, hold him accountable for his actions, and provide a deterrent against further illegal activity.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on July 11, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 36 months, concurrent with the state sentence he is currently serving. No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 13th day of December, 2011.

BY THE COURT:

William M. Conley
U.S. District Judge